United States District Court
Southern District of Texas
**ENTERED**
November 01, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | CRIMINAL ACTION NO. 5:22-CR-1300 |
| RONICO DEVON PERRY | § | |

# ORDER

Pending before the Court is Defendant's Motion to Dismiss Indictment (Dkt. No. 21) and the Government's Response (Dkt. No. 26). For the reasons below, the motion is **DENIED**.

## I. Background

On September 30, 2022, at around 6:30 p.m., Defendant arrived at a United States Border Patrol Checkpoint near Laredo, Texas driving a box truck (Dkt. No. 26 at 1; Dkt. No. 3 at 2). During the primary inspection, a Border Patrol K-9 alerted to the truck and an agent detected marijuana odor (Dkt. No. 26 at 1-2). The agent then asked Defendant whether he had marijuana in his possession, and Defendant admitted that he did (*id.* at 2). During the secondary inspection, agents discovered 24 grams of marijuana, a concealed loaded firearm, two loaded magazines, and additional ammunition in the truck (*id.*).

Defendant waived his *Miranda* rights and agreed to speak with agents (*id.*). Defendant confirmed that the marijuana, firearm, and ammunition in the truck belonged to him (*id.*). Defendant also admitted that he had been using marijuana daily for years, including that same morning (*id.*). When agents asked him about how he had completed the paperwork to purchase the firearm, specifically the question

1

O

about drug use, Defendant stated, "I probably put no, I guess. OK, you all got me" (*id.*).

On October 18, 2022, the grand jury returned a two-count indictment charging Defendant with (1) violating 18 U.S.C. § 922(g)(3), which prohibits "unlawful users" of a controlled substance from possessing a firearm, and (2) violating 18 U.S.C. 922(a)(6), which prohibits knowingly making a false statement during the purchase of a firearm (Dkt. No. 14-1). Defendant moved to dismiss Count 1 of the Indictment,[1] arguing that § 922(g)(3) violates the Second Amendment under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (Dkt. No. 21).

## II. Legal Standards

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *see also* Fed. R. Crim. P. 12(d). When considering a motion to dismiss an indictment, the court must take the indictment's allegations as true. *See United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

## III. Relevant Law

The Second Amendment to the Constitution states that "a well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. AMEND. II.

---

[1] In the Motion, Defendant clarifies that he will move to dismiss Count 2 if the Court dismisses Count 1 (Dkt. No. 21 at 1).

O

In *Bruen*, the United States Supreme Court established a two-prong test for determining whether a firearm regulation infringes on the Second Amendment. 142 S. Ct. 2111, 2126 (2022). First, a court must determine whether "the Second Amendment's plain text covers an individual's conduct." *Id*. If the conduct is covered by the plain text, the Government must then demonstrate that the regulation "is consistent with this Nation's historical tradition of firearm regulation." *Id*. at 2130.

In *United States v. Daniels*, the defendant challenged the constitutionality of § 922(g)(3) under the *Bruen* framework. 77 F.4th 337 (5th Cir. 2023). In *Daniels*, law enforcement officers pulled over the defendant for driving without a license plate. *Id*. at 340. During the traffic stop, they detected marijuana odor and searched the car. *Id*. The search revealed several marijuana cigarette butts in the ashtray and two loaded firearms. *Id*. Officers placed Mr. Daniels under arrest and questioned him. *Id*. They did not, however, (1) administer a drug test, (2) ask Mr. Daniels whether he was intoxicated, or (3) note or testify that he appeared intoxicated. *Id*. But while being questioned, Mr. Daniels admitted that he used marijuana "approximately fourteen days out of a month." *Id*. Based on this admission, Mr. Daniels was charged with—and ultimately convicted of—violating § 922(g)(3). *Id*. at 340–41.

Mr. Daniels appealed his indictment and conviction, arguing that § 922(g)(3) was unconstitutional. *Id*. at 355. The Government argued that the statute was consistent with history and tradition, as required by *Bruen*, and compared it to three groups of historical firearm regulations: "(1) statutes disarming intoxicated individuals, (2) statutes disarming the mentally ill, and (3) statutes disarming those adjudged dangerous or disloyal." *Id*. at 344. Of the three, the Fifth Circuit determined

3

O

that marijuana use is most comparable to intoxication via alcohol; however, § 922(g)(3) imposed "a significantly greater restriction" than historical statutes disarming intoxicated individuals. *Id.* at 347. While those statutes banned "*carry* of firearms *while under the influence,*" the term "unlawful users" in § 922(g)(3) captures all regular users of marijuana without specifying how recently the user must have been under the influence. *Id.* (emphasis in original). The Fifth Circuit recognized that there is a "considerable difference" between someone who is actively intoxicated and a regular user who used drugs at a prior time. *Id.* Therefore, it held that historical intoxication statutes cannot stretch far enough to justify disarming a sober citizen "based exclusively on his past drug usage." *Id.* at 348.

Accordingly, the Fifth Circuit defined an "unlawful user" as "someone who uses illegal drugs regularly and in some temporal proximity to the gun possession" and held that § 922(g)(3) was unconstitutional as applied to Mr. Daniels. *Id.* at 340 (citing *United States v. McCowan*, 469 F.3d 386, 392 (5th Cir. 2006)). Although Mr. Daniels admitted to using marijuana fourteen times a month, the Government failed to provide evidence showing he used drugs or was intoxicated near the time of his arrest. *See id.* at 347. Because the Government did not establish temporal proximity, the statute was unconstitutional as applied to Mr. Daniels. *See id.* at 348. The Fifth Circuit did not, however, invalidate the statute "in all its applications." *Id.* at 355.

### IV. Discussion

Given that the Fifth Circuit did not hold § 922(g)(3) facially unconstitutional, this Court must determine whether the statute was unconstitutionally applied here.

4

O

Defendant argues that his case should be dismissed in accordance with *Daniels* for a slew of reasons, including how:

- Like in *Daniels*, the Government never administered a drug test or asked Defendant if he was under the influence.

- Defendant was coherent and cooperative throughout the interview.

- The Government did not ask Defendant what time he last used marijuana.

- Though Defendant admitted to using marijuana in the morning, it is not clear when he awoke.

(Dkt. No. 45 at 2).

However, there is one critical difference between *Daniels* and the instant case—Defendant admitted that he had used marijuana the same morning he was found possessing the firearm. In contrast, Mr. Daniels's pattern of use—fourteen days out of a month—did not clarify whether he had been intoxicated during the same week he had possessed the firearm, let alone the same day.

Thus, Defendant's arguments speak to the weight of the evidence rather than the validity of the Indictment. The Government is not required to prove its case in the Indictment itself. *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994). An indictment describing the offense in the words of the charging statute itself is generally sufficient, so long as the statute sets forth the essential elements of the offense. *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). Here, the Indictment follows the statutory text, and the Government has provided evidence of temporal proximity through Defendant's admission that he used marijuana on the same day as the immigration inspection (Dkt. No. 3 at 2).

More broadly, Defendant's arguments highlight that the Parties dispute a key issue—whether Defendant was actually intoxicated when he was stopped. When considering a motion to dismiss an indictment, the Court must take the indictment's allegations as true. *See Kay*, 359 F.3d at 742 (quoting *Hogue*, 132 F.3d at 1089). The Court cannot make a factual finding on the extent of Defendant's drug use or intoxication, as such a finding is "inevitably bound up with the evidence about the alleged offense itself," and falls squarely within the province of the jury. *United States v. Connelly*, No. EP-22-CR-229(2)-KC, 2023 WL 2806324, at *2 (W.D. Tex. Apr. 6, 2023) (citations omitted); *see also Flores*, 404 F.3d at 325 (noting that motions may be resolved pretrial only if they can be determined "without a trial of the general issue").

## V. Conclusion

Because 18 U.S.C. § 922(g)(3) is not facially unconstitutional and the Government has sufficiently set forth the offense in the Indictment, Defendant's Motion to Dismiss Indictment (Dkt. No. 21) is **DENIED**.

It is so **ORDERED**.

**SIGNED** November 1, 2023

Marina Garcia Marmolejo
United States District Judge